# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 16-148V
(Not to be Published)

```
* * * * * * * * * * * * * * * * * * * * * * * * *
TAYLOR K. FRADY, on behalf of her      *
deceased minor child, A.F.,            *       Special Master Corcoran
                                       *
                                       *       Filed: September 20, 2017
                  Petitioner,          *
       v.                              *       Petitioner's Motion for a Decision;
                                       *       Dismissal of Petition; Vaccine
SECRETARY OF HEALTH                    *       Act; Denial Without Hearing.
AND HUMAN SERVICES,                    *
                                       *
                  Respondent.          *
                                       *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

*Patricia Ann Finn*, Patricia Finn, P.C., Piermont, NY, for Petitioner.

*Camille M. Collett*, U.S. Dep't of Justice, Washington, D.C. for Respondent.

## DECISION DISMISSING CASE FOR INSUFFICIENT PROOF[1]

On February 1, 2016, Taylor Frady filed a petition on behalf of her minor child, A.F., seeking compensation under the National Vaccine Injury Compensation Program.[2] The Petition alleges that the Hepatitis B, dTap, IPV, HIB, PCV, and ROTA vaccinations received on September 22, 2014, caused A.F.'s death. *See* Petition ("Pet.") at 1.

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

After filing medical records in early March 2016, Petitioner filed a motion for extension of time to file additional medical records and the Joint Statement of Completion. *See* Motion, dated Mar. 8, 2016 (ECF No. 10). Thereafter, Petitioner obtained and filed additional medical records in June 2016. The parties filed a Joint Statement of Completion on June 15, 2016, and Respondent filed her Rule 4(c) Report on August 15, 2016, contesting Petitioner's right to damages.

On September 8, 2016, I issued an order setting forth my views on the merits of this case. In it, I explained to Petitioner that similar theories linking vaccines to infant deaths categorized as Sudden Infant Death Syndrome ("SIDS") have rarely been successful in the Vaccine Program. *See* Order, dated Sept. 8, 2016 (ECF No. 16). I also informed the parties that I had serious doubts that Petitioner's claim would be successful in light of other special masters' recent decisions. Therefore, I directed Petitioner to show cause as to why this claim should not be dismissed. Petitioner filed her brief, along with additional medical records, on December 16, 2016 and Respondent submitted a response on February 16, 2017.

On August 14, 2017, after review of the parties' submissions, I issued an order directing Petitioner to file a motion for ruling on the record, a joint stipulation for voluntary dismissal, or a status report indicating that she would retain an expert. *See* Order dated, Aug. 14, 2017 (ECF No. 23). I informed the parties that I remained unpersuaded that this case differs from SIDS cases that have been dismissed by other special masters, absent a new theory or stronger scientific evidence, and I doubted the case's reasonable basis as a result. Petitioner thereafter filed a motion to dismiss on September 19, 2017 acknowledging that, after consideration of the facts and law, she did not expect to be able to establish entitlement in this case. ECF No. 24.

To receive compensation under the Vaccine Program, a petitioner must prove either (1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of her vaccinations, or (2) that she suffered an injury that was actually caused by a vaccine. *See* Sections 13(a)(1)(A) and 11(c)(1). An examination of the record, however, does not uncover any evidence that A.F. suffered a Table injury. Moreover, under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on her claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent medical expert. Section 13(a)(1). In this case, however, there is insufficient evidence in the record for Petitioner to meet her burden of proof. Petitioner's claim therefore cannot succeed and must be dismissed. Section 11(c)(1)(A).

**Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

2

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master